UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH DANIEL, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Marc J. Mendelson P-52798**
**Allison D. Lazette-Magnan P-70945**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050; Fax (248) 671-5096
allison.lazette-magnan@855mikewins.com;
rachel.robbins@855mikewins.com

_____

# COMPLAINT

NOW COMES Plaintiff, Elizabeth Daniel, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. §

1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Postal Service, as an agent of Defendant, United States of America, on March 18, 2024, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, Elizabeth Daniel, is and has at all times pertinent hereto, been a resident of the Township of Macomb, County of Macomb, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the State of Michigan, including, but not limited to the City of Roseville, Macomb County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Roseville, County of Macomb, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the City of Roseville, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about April 1, 2023, at approximately 1:00 p.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Utica Road and Common Road, in the City of Roseville, Macomb County, Michigan.

3

Plaintiff was traveling northbound on Utica Road, when she was struck by Ashley Rose Zbercot's vehicle, which was traveling northbound on Utica Road, when Ashley Rose Zbercot failed to stop her vehicle in assured clear distance and violently struck Plaintiff's vehicle.

15. The motor vehicle accident was caused by the negligence of Ashley Rose Zbercot while driving a motor vehicle owned by Defendant, United States of America, within the scope of her employment with Defendant.

16. Ashley Rose Zbercot failed to operate her vehicle in a careful and prudent manner, failed to stop her vehicle in assured clear distance, operated her vehicle in excess of the posted speed limit, failed to exercise due care and caution, and was operating the vehicle with willful and wanton disregard for the safety of other motorists, specifically Plaintiff, who was lawfully traveling northbound on Utica Road.

17. Ashley Rose Zbercot's failure to operate her vehicle with due care and caution and failed to operate her motor vehicle in a manner and at a rate of speed that would permit it to be brought to a stop within an assured clear distance ahead in violation of MCL 257.627(l) while traveling northbound on Utica Road, resulted in a collision and causing Plaintiff to suffer severe injuries.

# COUNT I
# CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Elizabeth Daniel, was the operator of a 2018 Kia Forte motor vehicle bearing Michigan license plate number DWW1341.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Ashley Rose Zbercot, while acting within the scope of her office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a 2001 Ford-Utilimaster FFV motor vehicle, bearing U.S. Postal Service serial number 0238123 and VIN number 1FCMU69K110A12737.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2001 Ford-Utilimaster motor vehicle being operated by Ashley Rose Zbercot.

22. Ashley Rose Zbercot owed to Plaintiff, Elizabeth Daniel, certain duties which Ashley Rose Zbercot, violated, and that the violation of these duties and

obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

    (a)    Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

    (b)    Violation of the operator's duty to exercise reasonable care and caution, MCL 257.627, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

    (c)    Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

    (d)    Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of roadway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

    (e)    Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

    (f)    Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(g)     Violation of the duty to keep a proper lookout for conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(h)     Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the roadway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

(i)     Failing to observe the roadway in front of the vehicle when Ashley Rose Zbercot knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(j)     Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

(k)     Failing to make timely use of the braking system with which said vehicle is equipped in violation of MCL 257.627 and MCL 257.649.

(l)     Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Ashley Rose Zbercot did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Ashley Rose Zbercot, and owned by Defendant

7

United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Ashley Rose Zbercot consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Ashley Rose Zbercot's, duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to her head, neck, back, right shoulder and right leg, including, but not limited to: a SLAP tear of her right shoulder requiring surgical intervention and resulting in permanent scarring at the site of her surgical incision, a disc herniation at C4-5, disc bulging at C5-6, and disc bulging at L5-S1 with right L5 nerve root impingement, among other injuries, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

    (a) Pain and suffering, past, present and future.

    (b) Mental anguish.

    (c) Embarrassment and shock.

    (d) Loss of normal, social and recreational activities.

    (e) Permanent injury and incapacity of disability.

    (f) Loss of wage earning capacity and future wages.

    (g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Elizabeth Daniel, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Ashley Rose Zbercot was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Ashley Rose Zbercot was acting within her respective capacity and scope of employment with Defendant, United States of America.

32. Ashley Rose Zbercot negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Ashley Rose Zbercot's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Elizabeth Daniel, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and

attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

                              Respectfully submitted,

                              MIKE MORSE LAW FIRM
                              Attorneys for Plaintiff

                                */s/ Allison D. Lazette-Magnan*

                              _____
                              Marc J. Mendelson P-52798
                              Allison D. Lazette-Magnan P-70945
                              24901 Northwestern Highway, Suite 700
                              Southfield, Michigan 48075
                              (248) 350-9050

Dated:   April 11, 2025